UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILEANA D., | ) |
| Plaintiff, | ) No. 19-cv-3882 |
| v. | ) Magistrate Judge Susan E. Cox |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ileana D.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment (dkt. 15) is DENIED and Defendant's motion for summary judgment (dkt. 24) is GRANTED.

**I.  Background**

Plaintiff filed for Title II disability insurance benefits on September 1, 2016, alleging a disability onset date of August 6, 2015. (Administrative Record ("R.") 15.) Plaintiff's application was denied initially and upon reconsideration. (R. 15.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on May 31, 2018. (R.15.) On July 30, 2018, ALJ Lovert F. Bassett issued an unfavorable decision finding that Plaintiff was not disabled as defined in the Social Security Act. (R. 15-27.) The Appeals Council denied review of Plaintiff's claim on April 9, 2019. (R. 1.) Plaintiff filed the instant action on June 10, 2019, seeking review of

---

[1]  In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]  Plaintiff filed an Opening Brief (dkt. 15), which this Court construes as a motion for summary judgment.

the Commissioner's most recent decision. (Dkt. 1.)

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity from August 6, 2015, through her date last insured of September 30, 2019. (R. 17.) At Step Two, the ALJ found that Plaintiff had the severe impairments of carcinoma in remission and morbid obesity likely related to a thyroid disorder. (R. 18.) The ALJ also concluded that Plaintiff's "medically determinable impairments of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." (*Id*.) At Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 22.) Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, "except no climbing of ladders, ropes, or scaffolds; no exposure to dangerous moving machinery or unprotected heights; and no more than frequent climbing of stairs or ramps, balancing, stooping, crouching, kneeling, or crawling." (R. 23.) At Step Four, the ALJ determined that Plaintiff was capable of performing her past relevant as a comptroller. (R. 27.) Because of these determinations, the ALJ did not need to reach Step Five, and found Plaintiff not disabled under the Social Security Act. (*Id*.)

During the ALJ's analysis of Steps 2 and 3, the ALJ considered the so-called Paragraph B criteria for evaluating mental disorders, and found Plaintiff had mild limitations in understanding, remembering, or applying information, and no limitations in the three other functional domains.[3] The ALJ based that finding on several foundations. First, the ALJ did not believe Plaintiff's medical records demonstrated a severe mental disorder. The only mental health medical records Plaintiff

---

[3] The remaining functional domains are interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself. 20 C.F.R., Part 404, Subpart P, App'x 1.

submitted came from Dr. Eleanor Coe, Psy. D., and Plaintiff's primary care physician, Dr. Ann Suh. Dr. Coe's records consisted of letters she wrote to Plaintiff's counsel opining that Plaintiff suffered from a severe panic disorder that limited her ability to leave her home, inhabit close spaces, or use public transportation, and caused palpitations, trembling, and dizziness. (R. 18-19.) However, Dr. Coe's letters were not backed up by any treatment records at all, and the ALJ found that Dr. Coe's opinion carried little value. Dr. Suh provided a Mental Residual Functional Capacity Questionnaire that diagnosed Plaintiff with anxiety disorder, panic, and agoraphobia, and noted Plaintiff's symptoms are excessive anxiety and worry, fear of leaving her home, worry over illness, and panic. (R. 473.) Dr. Suh also provided opinions regarding the Paragraph B criteria, finding Plaintiff had mild limitations in understanding, remembering or applying information; moderate limitations in maintaining social functioning; moderate limitations in concentration, persistence, or pace; and marked limitations in adapting or managing oneself. (R. 476.) The ALJ reviewed Dr. Suh's treatment records and determined that her contemporaneous treatment notes did not support the level of limitations observed in the Mental Residual Functional Capacity Questionnaire; as such, the ALJ found that Dr. Suh's opinion evidence was of "little value." (R. 19-20.)

Second, the ALJ found Plaintiff's reported activities of daily living incompatible with the disabling effects she claimed her depression and anxiety caused. (R. 20-21.) Plaintiff reported that she went to the store, used public transportation, went for walks, and traveled both domestically and internationally. (*Id.*)

Finally, the ALJ found that the psychological consultative examination performed by Jauren D. Kelly, Psy. D., was the "best source of scientific mental health evidence for the purely medical question of whether a listing is met or equaled." (R. 18.) Dr. Kelly diagnosed Plaintiff with major depression and noted that Plaintiff's affect and mood were depressed; however, Dr. Kelly also found Plaintiff oriented to person, place, and time, made good eye contact, had an adequate fund of

knowledge, had good abstract reasoning, and had the cognitive ability to manage her own funds. (R. 396-98.) Based on these factors and evidence, the ALJ determined that Plaintiff's anxiety and depression were non-severe and did not require any limitations of Plaintiff's RFC.

## II.     Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). A court's scope of review in these cases is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation and signals omitted). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted).

## III.    Discussion

Plaintiff argues that the ALJ improperly assessed her mental limitations;[4] the Court disagrees and affirms the ALJ's decision because any error the ALJ made in labeling Plaintiff's depression non-severe was harmless. At Step 2, "'[a]s long as the ALJ determines that the claimant has one

---

[4] Plaintiff does not challenge the ALJ's findings regarding any of her physical limitations, and focuses her appeal entirely on the issue of her mental impairments.

severe impairment, the ALJ will proceed to the remaining steps of the evaluation process…Therefore, the step two determination of severity is 'merely a threshold requirement.'" *Curvin v. Colvin*, 778 F.3d 645, 648 (7th Cir. 2015) (quoting *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010)). "The Step 2 determination is 'a de minimis screening for groundless claims' intended to exclude slight abnormalities that only minimally impact a claimant's basic activities." *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697 (7th Cir. 2016) (quoting *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016)). The Seventh Circuit has found that a conclusion that major depression is a "non-severe" condition is "nonsensical given that the diagnosis, by definition, reflects a practitioner's assessment that the patient suffers from 'clinically significant distress or impairment in social, occupational, or other important areas of functioning.'" *O'Connor-Spinner*, 832 F.3d at 697 (quoting AM. PSYCHIATRIC ASS'N., DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS 679-80 (4th ed. text revision 2000)). However, an error at Step 2 does not necessarily create a reversible error, provided that the ALJ proceeds with the five-step analysis, analyzes the Paragraph B criteria in Step 3, and then considers both the severe and non-severe impairments, the objective medical evidence, and symptoms, when determining the RFC. *Taylor v. Berryhill*, 387 F. Supp. 3d 883, 892 (N.D. Ill. 2019); *see also Curvin*, 778 F.3d at 649 (holding "even if there were such an error at step 2, it would have been harmless because the ALJ properly considered all of Curvin's severe and non-severe impairments, the objective medical evidence, her symptoms, and her credibility when determining her RFC immediately after step 3").

*Taylor* is particularly instructive. In that case, the ALJ found that plaintiff's depression was non-severe and that she had no limitations in three of the four functional domains and only mild limitations in adapting and managing herself, despite the plaintiff's diagnosis of "major depression, severe, single episode." *Taylor*, 387 F. Supp. 3d at 887-88. The ALJ "supported these functional area determinations with a summary of Taylor's reported symptoms and relevant medical opinions."

5

*Id.* at 888. Although the district court determined "the ALJ erroneously found [plaintiff's] depression was non-severe at step two," that error was harmless because "the ALJ analyzed the four 'Paragraph B' criteria for mental functioning, found no more than mild limitations there, and then discussed whether [plaintiff's] depression warranted further limitations to [plaintiff's] RFC." *Id.* at 892.

The Court believes the ALJ made an error in the Step 2 assessment, and that Plaintiff successfully met the *de mininis* threshold showing her anxiety and depression were severe. Although this case is distinguishable from both *O'Connor* and *Taylor* because the word "severe" was not used in the diagnosis the ALJ relied on to make the Step 2 finding (Dr. Kelly found that Plaintiff suffered from moderate major depression), the Court believes the medical record and Plaintiff's testimony demonstrates that her depression and anxiety had a greater than minimal impact on her daily activities. Nonetheless, the Court believes the Step 2 error was harmless. As required by the Seventh Circuit and the five-step sequential analysis, the ALJ went on to consider the Paragraph B criteria in Step 3, and found that Plaintiff has only mild limitations in one functional domain and no limitations in the remainder. That finding was supported by the record, as discussed above; Dr. Coe had no treatment notes, Dr. Suh's contemporary treatment notes did not support the limitations in the RFC Questionnaire, and Dr. Kelly found that Plaintiff's limitations were not as significant as Plaintiff had claimed. The ALJ also considered Plaintiff's non-severe mental impairments during the RFC discussion. While the discussion was limited, it was sufficient to demonstrate that the ALJ had considered Plaintiff's anxiety and depression in formulating the RFC. Not surprisingly, the ALJ did not include any limitations in the RFC related to the mental impairments; but that is logical, considering the ALJ found that Plaintiff's anxiety and depression did not cause her any limitations in three of the four functional domains and only mild limitations in managing oneself and adapting. Thus, any error in the Step 2 analysis was harmless, and the Court affirms the ALJ's decision on

this issue.

## IV. Conclusion

As detailed above, Plaintiff's motion for summary judgment (dkt. 15) is DENIED and Defendant's motion for summary judgment (dkt. 24) is GRANTED.

**ENTERED: 09/3/2020**

_____
Susan E. Cox,
United States Magistrate Judge